UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 22-cv- 24270 DPG

NINGBO YONGJIA AIDUO AUTO PARTS
MANU CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.

_____/

**DECLARATION OF NINGBO YONGJIA AIDUO AUTO PARTS
MANU CO., LTD. IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR
ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
AND ORDER RESTRAINING TRANSFER OF ASSETS**

I, _Denny You_, declare and state as follows:

1. I am over 18 years of age, am a citizen of China and I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion for Injunction").

3. If called upon to do so, I could and would competently testify to the following facts set forth below. I am employed by Plaintiff, NINGBO YONGJIA AIDUO AUTO PARTS MANU CO., LTD. as _Principal_.

1

4. YONGJIA is a limited company organized under the laws of China, with its principal place of business located in Zhekiang, China. YONGJIA is an international company which specializes in worldwide distribution of consumer products including but not limited to snow brushes.

5. In my capacity as employee for YONGJIA, I am responsible, in part, for YONGJIA's anti-counterfeiting efforts in connection with Internet related matters. As a result, I am fully familiar with most aspects of the distribution of genuine YONGJIA products, and through years of experience and discussions with our product design teams, I am able to identify the distinctions between genuine YONGJIA branded merchandise and counterfeit copies of the same.

### Yongjia Zhou's Patent Rights

6. On July 12, 2022, YONGJIA registered with the United States Patent and Trademark Office one (1) ornamental design patent of a Snow Brush with Registration No. US D957,138 S with date of patent of July 12, 2022 (referred to as "138 Patent"). A true and correct copy of YONGJIA's federal patent registration along with the accompanying images is attached to Plaintiff's Complaint.

7. YONGJIA is the owner of all rights, title and interest to the 138 Patent, which Haiyong You created and then assigned to YONGJIA and which YONGJIA has used in connection with the sale of snow brushes.

8. YONGJIA uses the ornamental design of the 138 Patent in connection with the manufacturing, advertising, marketing, offer for sale and/or sale of retail items, in authorized e-commerce stores such as Amazon.

9. YONGJIA has expended time, money and other resources developing, advertising and otherwise promoting the 138 Patent.

10. YONGJIA suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives incorporating and infringing the 138 Patent.

11. The harm caused by Defendants is both a monetary loss and a damage to the goodwill of the 138 Patent.

12. YONGJIA discovered Defendants were manufacturing, promoting, advertising, offering for sale and/or selling goods using the 138 Patent, without authorization, through e-commerce stores operating under the seller identities named in Schedule A attached to the Complaint as an Exhibit.

13. YONGJIA conducted a search which has established that Defendants are using various storefronts including but not limited to; Amazon, eBay and Wish e-commerce platforms, to sell and offer to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida, utilizing the 138 Patent without authorization.

14. Prior to filing this lawsuit, YONGJIA or someone under my direction and supervision personally accessed Defendants' Internet based e-commerce stores operating under their respective seller identifications through the Amazon, eBay and Wish e-commerce platforms, as identified on Schedule A (hereinafter "Seller IDs"), attached to the Complaint as an Exhibit.

15. Upon accessing each of the e-commerce stores, either YONGJIA or someone under its

direction and supervision was able to view advertisements for products utilizing the 138 Patent, add products to the online shopping cart, and proceed to a point of checkout, for each of Defendants' e-commerce store. Web page captures and screenshots were taken of the infringing products and orders were initiated via each Defendants' Seller IDs.

16. Prior to filing this lawsuit, YONGJIA or someone under its direction and supervision analyzed each of the screenshots and photographs of the products shown, as they appeared on Defendants' online e-commerce stores, and determined that products are being offered for sale to residents of the United States and the State of Florida using unauthorized and infringing copies of the 138 Patent.

17. YONGJIA has not assigned, licensed or authorized any of the Defendants to use the 138 Patent.

**Irreparable Injury**

18. Every time Defendants offer to sell and/or sell a product using the 138 Patent there is a direct loss to YONGJIA.

19. Monetary damages cannot adequately compensate for Defendants' ongoing infringement because monetary damages fail to address the loss of control over YONGJIA's intellectual property and goodwill.

20. The ability of Defendants to manufacture, reproduce, modify, distribute and/or display unauthorized copies of the 138 Patent for their own commercial benefit without compensation to YONGJIA impairs the market value of the 138 Patent since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license the 138 Patent if it is already associated with a competing business. In

4

addition, potential licensees of the 138 Patent will not want to pay license fees if they see other commercial enterprises taking and using my design patent for their own commercial purposes without paying any fee at all.

21. Loss of quality control over goods sold utilizing the 138 Patent without authorization is neither calculable nor precisely compensable.

22. As a result of Defendants flooding the e-commerce marketplace with unauthorized reproductions and derivatives of the 138 Patent, it is highly probable that YONGJIA will continue to suffer irreparable harm unless Defendants' infringing activity is stopped.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __21__ day of December, 2022.

                                          _Denny You_
                                      Name: Denny You
                                      Position: Principal
                                      For    NINGBO YONGJIA AIDUI AUTO PARTS MANU CO., LTD.,