**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:22-cv-24270-GAYLES**

**NINGBO YONGJIA AIDUO**
**AUTO PARTS MANU CO., LTD.,**

    Plaintiff,

v.

                                                    **UNDER SEAL**

**THE INDIVIDUALS, PARTNERSHIPS**
**AND UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED**
**ON SCHEDULE "A",**

    Defendants.
_____/

**SEALED ORDER GRANTING**
**_EX PARTE_ MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff NINGBO YONGJIA AIDUO AUTO PARTS MANU CO., LTD.'s *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion"), [ECF No. 10], against the Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" to the Amended Complaint (collectively, "Defendants") pursuant to 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). Because the Court finds that Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff owns one United States Design Patent, No. US D 957,138S, for an ornamental design of a snow brush (hereinafter "Plaintiff's Patent" or "138 Patent"). Plaintiff's Patent is registered with the United States Patent and Trademark Office ("USPTO") and is protected from infringement under federal patent law. Plaintiff is the owner of the 138 Patent by submitting copies of the U.S. patent registration: United States Design Patent, No. US D 957,138S. *See* Declaration of Plaintiff ("Plaintiff Decl.") ¶¶ 4–5.

Plaintiff is the owner of all rights, title, and interest to the 138 Patent, which Plaintiff advertises, offers for sale, and sells the 138 Patent in authorized e-commerce stores such as Amazon, among others. *Id*. at ¶ 6. Plaintiff has expended time, money and other resources developing, advertising and otherwise promoting the 138 Patent. *Id*. at ¶ 7. The 138 Patent has independent economic value and has generated revenue in relation to the retail items offered for sale in the authorized e-commerce stores. *Id*. at ¶ 6. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies or derivatives of the 138 Patent. *Id*. at ¶ 8.

Without Plaintiff's permission or license, Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's Patent within the Southern District of Florida through various internet-based e-commerce stores and fully interactive commercial Internet websites (such as Amazon, eBay, and others) operating under their seller identification names ("Seller IDs"), as set forth in Schedule A of the Amended Complaint. *See* [ECF No. 10-1]; *see also* Plaintiff Decl. ¶¶ 10, 15. A simple comparison of Defendants' infringing goods with Plaintiff's Patent and any layman can observe Defendants' infringement of

---

[1] The relevant facts are taken from Plaintiff's Amended Complaint [ECF No. 7-1], Plaintiff's Motion [ECF No. 10], and the record citations and exhibits.

Plaintiff's exclusive patent rights as the images are virtually exact duplicates or substantially similar images to the 138 Patent. *See* [ECF No. 7-1]; *see also* [ECF No. 9-1–7], Humberto Rubio Declaration ("Rubio TRO Decl.") ¶ 5; Plaintiff Decl. at ¶¶ 12–15.

## II. Legal Standard

Temporary restraining orders "are meant to preserve the status quo until a preliminary injunction hearing is held . . . ." *Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1209 (11th Cir. 2021). To obtain a temporary restraining order, the moving party must demonstrate: (1) "a substantial likelihood of success on the merits;" (2) "that irreparable injury will be suffered if the relief is not granted;" (3) "that the threatened injury outweighs the harm the relief would inflict on the non-movant;" and (4) "that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–24 (11th Cir. 2005) (per curiam). Additionally, a court may only issue a temporary restraining order *without notice* to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). It is well settled that courts may exercise their broad equitable powers by granting *ex parte* temporary restraining orders before a defendant has been served and given an opportunity to respond." *Commodity Futures Trading Commission v. Fingerhut*, No. 20-CIV-21887, 2020 WL 2747448, at * (S.D. Fla. May 26, 2020) (citing Fed. R. Civ. P. 65(b)).

## III. DISCUSSION

The declarations Plaintiff submitted in support of its *Ex Parte* Motion for Temporary Restraining Order support the following conclusions of law:

  A. The Plaintiff has a strong probability of proving at trial that the products Defendants are selling and promoting for sale contain unauthorized reproductions and derivatives of Plaintiff's Patent.

  B. Because of the infringement of the 138 Patent, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in the Plaintiff's Complaint, Motion for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff before the Defendants can be heard in opposition unless the Plaintiff's request for *ex parte* relief is granted:

   1. The Defendants own or control internet-based e-commerce stores and websites that advertise, promote, offer for sale, and sell products bearing infringing images/products in violation of the Plaintiff's rights;

   2. There is good cause to believe that more infringing products bearing reproductions and derivatives of the Plaintiff's Patent will appear in the marketplace, and that consumers are likely to be misled, confused, and disappointed by the quality of these products; and

   3. There is good cause to believe that if Plaintiff proceeds on notice to the Defendants of this Application for Temporary Restraining Order, the Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.

C.  The balance of potential harm to the Defendants in restraining their trade in infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of the 138 Patent.

D.  The public interest favors issuance of the temporary restraining order to protect the Plaintiff's interests in its patent, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

E.  The Plaintiff may be entitled to recover damages as provided by 35 U.S.C. § 289 and 35 U.S.C § 284.

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433–34 (11th Cir. 1984)).

G.  In light of the inherently deceptive nature of the infringing business, and the likelihood that the Defendants have violated federal patent laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, [ECF No. 10], is **GRANTED** as follows:

1.  Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are temporarily restrained as follows:

  a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing reproductions or derivatives of the Plaintiff's Patent; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing reproductions or derivatives of the Plaintiff's Patent; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of the Plaintiff's Patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

  2. Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff Patent on or in connection with all internet-based e-commerce stores owned and operated, or controlled by them, including the internet-based e-commerce stores operating under the Seller IDs.

  3. Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

  4. Upon receipt of notice of this Order, the Defendants, and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who are providing services for any of the Defendants, including but not limited to,

AliExpress, Alipay, DHgate, DHpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, PayPal, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), shall within five (5) business days after receipt of notice of this Order,

      a.      Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

      b.      Provide Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related.

5. Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

6. In addition to other methods authorized by law, the Plaintiff may provide notice of these proceedings to third parties by delivery of this Order and other relevant documents to the following Online Marketplace platforms, Financial Institutions and/or Third-Party Service Providers at the following addresses:

   i. Amazon at legal@amazon.com and registrar-abuse@amazon.com;
   ii. PayPal, attention EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;
   iii. Alipay, attention Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;
   iv. Alibaba, attention Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he @alibaba-inc.com;
   v. DHgate (including DHPay.com) at Patrol@dhgate.com;
   vi. Wish, attention Mr. Dwight D. Lueck, Counsel for Wish.com, at dlueck@btlaw.com;
   vii. eBay, Inc., Ms. Kara Ricupero, Senior Director, Global Information Governance, at kricupero@ebay.com, copyright@ebay.com and/or tros@ebay.com;
   viii. Stripe, Attn. Legal, at notices@stripe.com;
   ix. Payoneer, VP of Operations at VPOperations@Payoneer.com and/or Melissa Godwin, Legal Counsel, at melissa.godwin@us.dlapiper.com; Walmart, legal@walmart.com;
   x. Joom, IPR Team, ipr@joom.com; and
   xi. PingPong Global Solutions Inc., Legal Department at legal@pingpongx.com.

7. The Clerk of the Court is directed to issue a single original summons in the name of "The Individuals, Partnerships and Unincorporated Associations Identified on Schedule 'A' of the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise

Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

9. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties.

10. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

11. After the Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the Internet-based e-commerce stores operating under the respective Seller IDs or by providing a copy of this Order by email to the marketplace platforms for each of the Seller IDs so that the registrar, or marketplace platform, in turn, notifies each of the Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, the Plaintiff shall post copies of the Complaint, Application for Temporary

Restraining Order, and this Order, as well as all other documents filed in this action on the website located at https://bit.ly/3IR4SVb and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. The Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at https://bit.ly/3IR4SVb or by other means reasonably calculated to give notice which is permitted by the Court.

1. A hearing is set before this Court on **January 31, 2023, at 9:30 A.M.**, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the Plaintiff's requested preliminary injunction. The parties are instructed to use the following dial-in information: **Dial-in Number 888-273-3658**; **Access Code 7032614**; **Security Code 5170**. Please dial in at least ten minutes before the Telephonic Hearing begins and wait until your case is called. For clarity, please do not use a speakerphone.

12. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283; Fed. R. Civ. P. 65, The All Writs Act, 28 U.S.C. § 1651(a); and this Court's inherent authority.

13. The Clerk shall file this Order under seal until further order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of January 2023 at 12:00 p.m.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record