UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

    Plaintiff,                                                              CASE NO. 1:22-cv-24270-DPG

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____

**MOTION TO INCREASE BOND**

    Defendant WAXMAN SALES LLC, a Texas limited liability company d/b/a BirdRock Home ("BirdRock Home"), by and through undersigned counsel, and pursuant to Rule 65, Federal Rules of Civil Procedure, and the Orders entered by this Court (ECF Nos. 14, 35, 44) files this motion to increase the amount of the bond posted by Plaintiff Ningbo Yongjia Aiduo Auto Parts Manu Co., LTD. ("Plaintiff") in connection with the issuance of the Temporary Restraining Order ("TRO") (ECF No. 14), and as modified pursuant to ECF No. 35 and ECF No. 44, and in support thereof states as follows:

**I.**    **Preliminary Statement**

    BirdRock Home moves to increase the bond from $10,000 to $300,000 because doing so is in the interest of justice. In this extraordinary action, Plaintiff was permitted to seize prejudgment nearly three quarters of a million dollars of BirdRock Home's funds without any notice to BirdRock Home and without a single finding that BirdRock Home had done anything wrong. This extraordinary action was permitted because Plaintiff and Plaintiff's counsel certified that they had

conducted substantial due diligence to confirm that BirdRock Home was a foreign counterfeiter when in fact a simple internet search would have revealed that BirdRock Home is a Texas based American competitor of the Plaintiff whose patent predates Plaintiff's patent.  The entry of the TRO against BirdRock Home was wrongful, and caused BirdRock Home to incur significant damages well-above the $10,000 bond amount. As such, the bond must be increased.

II.     **Factual Background**

Plaintiff is a Chinese entity that apparently manufactures and sells a large number of consumer products, including snow brushes.  *See generally* http://www.aido-carcare.com/eproducts/products_75_01.html (webpage showing Plaintiff's "Winter Series" of snow and ice brushes, scrapers, and related products).  In this action, Plaintiff claimed the defendants were all foreign companies that were violating its patent rights by counterfeiting its products, and that an *ex parte* injunction seizing the defendants funds at Amazon was the only way to stop this wrongful behavior.  Despite verifications made by Plaintiff (Rule 65(b)(1)(A)) and certifications made by counsel in connection with moving for the TRO (Rule 65(b)(1)(B)) that it conducted significant due diligence to ensure that no American companies were caught up in this injunction action,  it is clear that Plaintiff exercised little to no due diligence in locating or verifying the identity of BirdRock Home before including it on its list of defendants..

BirdRock Home sells competing snow brushes.  BirdRock Home has its home office in Austin, Texas and has product warehouses (*i.e.,* fulfillment centers) in Reno, Nevada; Louisville, Kentucky; and Breinigsville, Pennsylvania. Raisbeck Decl. ¶ 5[1].  It does not have any places of business located in Florida, nor does it have any employees or contractors in Florida. BirdRock is

---

[1] Declarations of Controller of Waxman Sales, Kendall Reisbeck and CEO of Waxman Sales, Adam Waxman, are attached hereto as Exhibits A and B respectively.

registered with the Texas secretary of state and easily identifiable as a Texas company.

BirdRock Home sources, develops and sells an extensive array of high quality consumer products for the home, garden, automobile, and garage. Many of these products may be viewed on BirdRock Home's public-facing website at https://www.BirdRockhome.com/. BirdRock Home operates several storefronts on Amazon.com, including storefronts called "BIRDROCK HOME Store" and "Snow MOOver Store."

On December 31, 2023, Plaintiff filed this action against approximately 301 "Schedule A" defendants. Defendant BirdRock Home is listed on Schedule A as Def. No. 56. Paragraph 16 of the complaint alleges that venue is proper under 28 U.S.C. § 1400 because all defendants are alleged to be "aliens."

On January 12, 2023, Plaintiff filed its motion for an *ex parte* temporary restraining order against the accused products of all 301 defendants, arguing among other things that "[b]ased on Defendant's e-commerce stores, there is good reason to suspect that Defendants are all residing outside of the United States and/or redistribute products from sources outside the United States." ECF No. 10 at pp. 12-13. Plaintiff also argued that *ex parte* relief was necessary because "Defendants can easily transfer, conceal and dissipate assets or modify ecommerce data within minutes after obtaining notice of this action leaving Plaintiff with irreparable injury and the Court with limited ability to grant relief." Plaintiff based its TRO arguments on a declaration from Plaintiff's counsel Humberto Rubio. Rubio Decl. ¶¶ 9, 11 (ECF No. 10-3).

On January 18, 2023, and in reliance upon Plaintiff's representations and arguments, the Court issued the TRO.

Around January 24, 2023, BirdRock Home learned that a third party had apparently submitted patent infringement complaints to Amazon.com against two of its snow brushes. No other

information, such as the name of the Plaintiff of the identity of the allegedly infringed patents, was provided.

On Friday, February 3, 2023, BirdRock Home learned from Amazon.com that it had been named as defendants in this lawsuit, and that as a result of this Court's TRO, Amazon.com was withholding funding in the amount of $785,115.03. Waxman Decl. ¶ 13. BirdRock Home immediately called and emailed plaintiff's counsel but received no response thus requiring BirdRock Home to retain the undersigned law firm. Waxman Decl. pg.4, ¶¶ 14-15.

The withholding of $785,115.03 was a significant threat to the financial health of BirdRock Home. Accordingly, it was necessary for BirdRock Home to retain the undersigned law firm. On the evening of Sunday, February 5, 2023, BirdRock Home's counsel began to appear in this case (ECF Nos. 19, 20), and BirdRock Home sent a letter, demanding that Plaintiff retract the restraining order that Plaintiff had submitted to Amazon.com. Conceding that Plaintiff had no good faith claims against BirdRock Home, Plaintiff on February 6, 2023 filed a nonconsensual Notice of Dismissal (ECF No. 21, 22) as to BirdRock Home and two other defendants.

Later that day, BirdRock Home filed an Unopposed Motion to Modify the Ex Parte Temporary Restraining Order (ECF No. 26), which the Court granted the next day on February 7, 2023 (ECF No. 29).

Unfortunately, while Amazon.com later indicated that it was no longer withhold the previously frozen funds of $785,115.03, it took several days, and an extreme amount of effort on the part of various BirdRock Home personnel, in order for BirdRock Home to finally receive the withheld funds that Amazon.com had been withholding.

## II. Legal Standard

The bond requirement for a temporary restraining order is intended "to protect enjoined

parties from losses that result from improvidently granted injunctions." *Piambino v. Bailey,* 757 F. 2d 1112, 1143 (11th Cir. 1985) (citing *Atomic Oil Co. v. Bardahl Oil Co.,* 419 F. 2d 1097, 1101 (11th Cir. 1969)). "The purpose of [the bond] provision is to enable a restrained or enjoined party to secure indemnification for the costs ... and pecuniary injury that may accrue during the period in which a wrongfully issued equitable order remains in effect." 11A Wright & Miller, supra, § 2954 (footnote omitted).

The amount of security bond required under Rule 65 is a matter in the discretion of the Court. *BellSouth Telecomms, Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F. 3d 964, 971 (11th Cir. 2005). Thus, this Court may increase the bond upon application in the interest of justice. *See* ECF Nos. 14, 35, 44 (noting that "In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.").

Here, Plaintiff was only required to post a bond in the amount $10,000.00. This amount, however, is woefully inadequate and fails to protect BirdRock Home from its damages which total in excess of $700,000. As such an increase in the amount of the bond is warranted.

## III. ARGUMENT

Despite bringing an action against more than 300 defendants and obtaining a restraining with the effect of potentially freezing millions of dollars in assets, Plaintiff was only required to post a bond of $10,000.00. This nominal bond amount was likely issued because the Court was led to believe that all defendants were "residing and/or operating outside of the United States," (ECF No. 10 at pg. 12) that could "easily transfer, conceal and dissipate assets or modify ecommerce data within minutes after obtaining notice" of the Complaint. *Id.* at pg. 13. Thus the Court was given the impression that defendants were not only unlikely to appear in this matter but also substantially likely to be infringing on Plaintiff's alleged patent. *See* ECF No. 14 at pg. 4 (In which the Court

notes, based on Plaintiff's false assertions, that "Defendants can easily and quickly change the ownership or modify domain registration and e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs thereby thwarting the Plaintiff's ability to obtain meaningful relief.") However, if BirdRock Home's situation is any indication, nothing could be further from the truth.

The truth of the matter is, Plaintiff performed *little to no* due diligence in determining what entities were foreign infringers. A basic Google search would have revealed that BirdRock Home is an Austin, Texas-based company, and not a foreign counterfeiter. In fact, even a cursory examination of the so-called "Snow Brush TRO Evidence" that Plaintiff itself submitted to this Court for BirdRock Home would have shown that BirdRock Home is based in Austin, Texas. Despite this easily identifiable information, Plaintiff misrepresented to this Court that BirdRock Home was a Chinese counterfeiter, and then used this misrepresentation to induce this Court to seize, *ex parte*, BirdRock Home's monies and enjoin its products.

Plaintiff's actions against BirdRock Home are so utterly lacking in pre-suit investigation that it is unlikely that BirdRock Home is an outlier. It is more likely that many other defendants should have never been included in this action, and, as such, the amount of the bond is abysmally low. Indeed, the current bond does not even account for BirdRock Home's damages. As such, it must be increased.

BirdRock Home has suffered significant damages as a result of Plaintiff's submission of the TRO to Amazon.com. First, Amazon.com froze over $785,000 in funds rightfully belonging to BirdRock Home. The loss of these funds threatened the very financial existence of BirdRock Home. After Plaintiff did not promptly respond to an email and phone call from BirdRock Home's CEO Adam Waxman, BirdRock Home had no choice but to retain outside counsel to protect its rights.

Plaintiff should reimburse BirdRock Home for its reasonable attorney fees. BirdRock Home has suffered (and continues to suffer) lost sales and lost profits flowing from its two snow brush products which were enjoined from being sold on Amazon.com. BirdRock Home estimates that is lost profits total approximately $99,636 - $124,545. *See* Waxman Decl. ¶¶ 19-22. BirdRock Home has suffered damages by reason of it having to devote the time and resources of its personnel in order to address issues stemming from this lawsuit, including the real possibility that it would be forced to carry on business for an extended period of time without the benefit of the $785,000 funds that Plaintiff caused Amazon.com to freeze. BirdRock Home estimates these miscellaneous damages to be in an amount $21,245. *Id.* ¶¶ 23-24.

### IV.   Request for Hearing

Pursuant to Local Rule 7.1(b)(2), BirdRock Home requests oral argument and a hearing on the subject matter of this motion. Oral argument would be helpful to the Court because of the number and relative complexity of the factual and legal issues involved, including patent infringement and validity issues. BirdRock Home estimates the time required for argument to be 60 minutes.

### V.   Conclusion

Plaintiff's lack of due diligence is completely inexcusable. Of course, parties such as Plaintiff have no incentive to perform due diligence if their only liability is $10,000 to enjoin 300 different defendants (or approximately $33.33 per defendant), including its American competitors. Indeed, the purpose of a bond is to serve as a contract, "by which the court and the applicant agree to the bond amount as the price of a wrongful injunction." *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.,* 335 F. 3d 235. 240 (3rd Cir. 2003); *Black Warrior RiverKeeper, Inc. v. U.S. Army Corps of Eng'rs,* 297 F.R.D. 633, 635 (N.D. Ala. 2014). A bond that amounts to roughly

$33.33 per defendant makes for an illusory contract, the consideration the equivalent of a mere peppercorn.

WHEREFORE, BirdRock Home respectfully requests that this Court enter an Order increasing the bond amount from $10,000 to $300,000 and any other and further relief deemed just and proper.

Date: April 7, 2023

Respectfully submitted,

**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No.: 0956872
jonathan.morton@klgates.com
Rasheem Johnson
Florida Bar No.: 1011350
rasheem.johnson@klgates.com
Henry Pogorzelski, *pro hac vice*
Stewart Mesher, *pro hac vice*
*Attorneys for Waxman Sales LLC*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, the undersigned hereby certifies that on March 21, 2023, counsel for BirdRock Home conferred with counsel for Plaintiff and the parties could not agree to the relief sought herein.

*/s/ Jonathan B. Morton*
Jonathan B. Morton

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2023, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

/s/ *Jonathan B. Morton*
Jonathan B. Morton