UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

      Plaintiff,                                  CASE NO. 1:22-cv-24270-DPG

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

_____

## MOTION FOR AWARD OF ATTORNEYS FEES AND DAMAGES BY DEFENDANT WAXMAN SALES LLC d/b/a BIRDROCK HOME

The sole question before this Court is who should pay for the attorney's fees and damages incurred by Defendant WAXMAN SALES, LLC, d/b/a BirdRock Home ("BirdRock Home") caused by (i) having nearly $800,000 seized and (ii) having a high-volume product delisted, as a result of a wrongful injunction entered against it based upon the false representations and frivolous arguments that Plaintiff made to this Court. An *ex parte* injunction freezing another party's funds and enjoining its products is a serious matter. A plaintiff seeking such an injunction must make sure that its representations to the Court are accurate, and that its arguments are meritorious, due to the damage that can be caused by a wrongful injunction. Plaintiff clearly did not do such due diligence. Because Plaintiff failed to perform its due diligence and because it made material misrepresentations and frivolous arguments to this Court, Plaintiff should bear the costs of the damages and attorney's fees incurred by BirdRock Home due to the wrongfully issued injunction.

A basic Google search would have revealed that BirdRock Home is not a foreign entity, but

is an Austin, Texas-based company.  In fact, even a cursory examination of the so-called "Snow Brush TRO Evidence" that Plaintiff itself submitted to this Court for BirdRock Home (*see* Ex. A, at 2-3) would have shown that BirdRock Home is based in Austin, Texas.  Despite this easily identifiable information, plaintiff misrepresented to this Court that BirdRock Home was a Chinese counterfeiter, and then used this misrepresentation to induce this Court to seize *ex parte* BirdRock Home's monies and enjoin its products.

A rudimentary review of the Amazon.com listing for the BirdRock Home snow brush product accused of infringement would have revealed that the snow brush had been on sale since 2017 (*see* Ex. F, at 5).  Plaintiff's asserted design patent was not filed until July 27, 2021, meaning that Plaintiff was in fact accusing a prior art product of infringement.  This is a textbook frivolous argument.  Yet that is the argument that Plaintiff used to induce this Court to seize *ex parte* BirdRock Home's monies and enjoin its products.

As a result of plaintiff's misrepresentations and frivolous arguments, and the resulting wrongful injunction entered against it, BirdRock Home's Amazon.com listing for two products was shut down on January 24, 2023, without any notice or explanation.  Then on February 3, 2023, BirdRock Home learned that Amazon.com had frozen almost $800,000 of its funds due to the temporary restraining order issued in this case.

Once BirdRock discovered why its listings were shut down and rightfully believing that there was some sort of mistake that caused the seizing of its funds, BirdRock Home tried to resolve this issue without the retention of counsel by calling and emailing Plaintiff's counsel directly. However, Plaintiff's counsel failed to timely respond, thus requiring BirdRock Home to hire counsel late on Friday, February 3, 2023.

Pursuant to Local Rule 7.3, 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power, BirdRock Home seeks to recover for its attorney's fees and damages suffered due to the misrepresentations and frivolous arguments that Plaintiff made to the Court. BirdRock Home also moves to collect the bond. Plaintiff's wrongful submission of the Court's TRO (ECF No. 14) to Amazon.com caused Amazon.com to (1) freeze $785,115.03 in funds rightfully belonging to BirdRock Home; and (2) suspend BirdRock Home's ability to sell two non-infringing snow brush products on the Amazon.com platform. BirdRock Home is an innocent party, and Plaintiff, whose wrongful acts caused the harm, should bear the costs of the damages caused by Plaintiff's wrongful actions.

## SUMMARY OF ARGUMENT

This lawsuit is a sham for a number of reasons, including that (1) Plaintiff wrongfully asserted that Austin-based Defendant BirdRock Home (as well as numerous other domestic defendants) was a foreign counterfeiter in order to justify suing it in this District and seeking *ex parte* TRO relief; (2) Plaintiff sought and obtained a TRO against one of BirdRock Home's snow brush products, where Plaintiff's assertion of design patent infringement was utterly baseless and frivolous (which any competent pre-filing investigation would quickly discovered); and (3) Plaintiff (including its counsel) have attempted to use the asset seizure portion of this Court's TRO as part of their unlawful scheme to deprive BirdRock Home (and the other defendants) of their rightful assets held by various ecommerce platforms, including Amazon.com; and (4) Plaintiff's purported joinder of multiple unrelated defendants in this action is expressly prohibited by 35 U.S.C. 299 ("Joinder of parties").

As a result of Plaintiff's submission of this Court's TRO to Amazon.com, BirdRock Home

has suffered significant damages. First, Amazon.com froze over $785,000 in funds rightfully belonging to BirdRock Home. The loss of these funds threatened the very financial existence of BirdRock Home. After Plaintiff did not promptly respond to an email and phone call from BirdRock Home's CEO Adam Waxman, BirdRock Home had no choice but to retain outside counsel to protect its rights. Plaintiff should reimburse BirdRock Home for its reasonable attorney fees. Second, BirdRock Home has suffered (and continues to suffer) lost sales and lost profits flowing from its two snow brush products which were enjoined from being sold on Amazon.com. Third, BirdRock Home has suffered damages by reason of it having to devote the time and resources of its personnel in order to address issues stemming from this lawsuit, including the real possibility that it would be forced to carry on business for an extended period of time without the benefit of the $785,000 funds that Plaintiff caused Amazon.com to freeze.

BirdRock Home is entitled to reimbursement of its attorney fees pursuant to 35 U.S.C. § 285 (the Patent Code's fee shifting provision) because BirdRock Home is a prevailing party and because this is an exceptional case.

BirdRock Home is entitled to reimbursement of its loses (both its attorney fees and its other damages) pursuant to 28 U.S. Code § 1927 because of the unreasonable and vexatious manner in which Plaintiff has and continues to litigate this action.

BirdRock Home is entitled to reimbursement of loses under the Court's inherent power because of Plaintiff has knowingly or recklessly raised and pursued frivolous arguments.

Lastly, BirdRock Home is entitled to collect the bond because it was wrongfully enjoined and because its damages were proximately caused by the erroneously issued injunction.

## INTRODUCTION

### A.    The Parties and the Asserted Patent

Plaintiff Ningbo Yongjia Aiduo Auto Part Manu Co. Ltd. ("Plaintiff") is a Chinese entity that apparently manufactures and sells a large number of consumer products, including snow brushes.  *See generally* http://www.aido-carcare.com/eproducts/products_75_01.html (webpage showing Plaintiff's "Winter Series" of snow and ice brushes, scrapers, and related products).

Plaintiff asserts infringement of its United States Design Patent No. D957,138, entitled "Snow Brush." (hereafter "the Asserted Patent").   Ex. B.   The Asserted Patent covers "the ornamental design for snow brush, as shown and described."  *Id.*  The Asserted Patent provides a filing date of July 27, 2021.  *Id.*

Defendant Waxman Sale, LLC, d/b/a BirdRock Home ("BirdRock Home") sells competing snow brushes.  BirdRock Home has its home office in Austin, Texas and has product warehouses (*i.e.,* fulfillment centers) in Reno, Nevada; Louisville, Kentucky; and Breinigsville, Pennsylvania. It does not have any places of business located in Florida, nor does it have any employees or contractors in Florida.  Raisbeck Decl. ¶¶ 3-7[1].

BirdRock Home sources, develops and sells an extensive array of high quality consumer products for the home, garden, automobile, and garage.  *Id.* at ¶ 3.  Many of these products may be viewed on BirdRock Home's public-facing website at https://www.birdrockhome.com/.  BirdRock Home operates several storefronts on Amazon.com, including storefronts called "BIRDROCK HOME Store" and "Snow MOOver Store." *Id.* at ¶ 2.

---

[1] Declarations of Controller for Waxman Sales, LLC, Kendall Raisbeck, CEO of Waxman Sales, Adam Waxman, and attorney Henry Pogorzelski in support of this motion, are attached hereto as Exhibits G, H and I, respectively.

### B.    Factual Background

Plaintiff filled the case on December 31, 2023 against approximately 301 "Schedule A" defendants.  Defendant BirdRock Home is listed on Schedule A as Def. No. 56.  Paragraph 16 of the complaint alleges that venue is proper under 28 U.S.C. § 1400 because all defendants are alleged to be "aliens."

Plaintiff proceeded on January 12, 2023 to move to an *ex parte* temporary restraining order against the accused products of all 301 defendants, arguing among other things that "[b]ased on Defendant's e-commerce stores, there is good reason to suspect that Defendants are all residing outside of the United States and/or redistribute products from sources outside the United States." ECF No. 10, 12-13.  Plaintiff also argued that *ex parte* relief was necessary because "Defendants can easily transfer, conceal and dissipate assets or modify ecommerce data within minutes after obtaining notice of this action leaving Plaintiff with irreparable injury and the Court with limited ability to grant relief."  *Id.* at 13.  Plaintiff based its TRO arguments on a declaration from Plaintiff's counsel Humberto Rubio, hereafter "Rubio TRO Decl., at ¶¶ 9, 11 (ECF No. 10-3).

In reliance upon Plaintiff's representations and arguments, the Court issued its *ex parte* TRO on January 18, 2022.  ECF No. 14.

Around January 24, 2023, BirdRock Home learned that a third party had apparently submitted patent infringement complaints to Amazon.com against two of its snow brushes. No other information, such as the name of the Plaintiff or the identity of the allegedly infringed patents, was provided.  Waxman Decl. ¶¶ 11-12.

On Friday, February 3, 2023, BirdRock Home learned from Amazon.com that it had been named as a defendant in this lawsuit, and that as a result of this Court's TRO, Amazon.com was

withholding funding in the amount of $785,115.03.  Waxman Decl. pp. 3-4, ¶¶ 13-15.

That same day, BirdRock Home's CEO Adam Waxman called and sent an email to Plaintiff's counsel Felipe Rubio.  Waxman Decl. page 4, ¶ 14 & Ex. 1 (email sent).  Plaintiff's counsel did not respond.  *Id.*

The withholding of $785,115.03 was a significant threat to the financial health of BirdRock Home.  Waxman Decl. p, 3, ¶ 14; Raisbeck Decl. ¶¶ 14 -17.  Accordingly, it was necessary for BirdRock Home to retain the undersigned law firm.  Waxman Decl. pp. 4-5, ¶ 15; Raisbeck Decl. ¶ 18.

On the evening of Sunday, February 5, 2023, BirdRock Home's counsel began to appear in this case (ECF Nos. 19, 20), and BirdRock Home sent a letter, demanding that Plaintiff retract the restraining order that Plaintiff had submitted to Amazon.com.  *See* Ex. C (demand letter). Conceding that Plaintiff had no good faith claims against BirdRock Home, Plaintiff on February 6, 2023 filed a nonconsensual Notice of Dismissal (ECF No. 21, 22) as to BirdRock Home and two other defendants.[2]

Later that day, BirdRock Home filed an Unopposed Motion to Modify the Ex Parte Temporary Restraining Order (ECF No. 26), which the Court granted the next day on February 7, 2023 (ECF No. 29).

Unfortunately, while Amazon.com later indicated that it was no longer withholding the

---

[2] Two days later on February 2, 2023, Plaintiff filed a second Notice of Dismissal, this time dismissing 31 additional defendants.  ECF No. 28.  On information and belief, these 31 additional defendants are also domestic entities that Plaintiff had no business including in this lawsuit.  On information and belief, Plaintiff decided to investigate, for the first time, whether the defendants it had sued were in fact domestic entities, only *after* BirdRock Home raised this issue in its February 5th demand letter (*see* Ex. C).

previously frozen funds of $785,115.03, it took several days, and an extreme amount of effort on the part of various BirdRock Home personnel, in order for BirdRock Home finally to receive the withheld funds that Amazon.com had been withholding. Waxman Decl. p. 5, ¶¶ 16-18; pp. 6-7, ¶¶ 23-24; Raisbeck Decl. ¶¶ 17-22.

Since that time, Plaintiff has continued to prosecute this case, including by extending its TRO and later converting it into a preliminary injunction, and more recently, by moving for a default final judgment against a number of defaulting defendants. *See* ECF No. 54.

<u>**ARGUMENTS AND AUTHORITIES**</u>

### A.    This is a Sham Lawsuit

This lawsuit is a sham for a number of reasons, including because (1) Plaintiff misrepresented to the Court that BirdRock Home (and numerous other defendants) were obvious foreign/Chinese entities; (2) Plaintiff's patent infringement allegations were (and still are) frivolous because Plaintiff asserted (and still is asserting) infringement against prior art snow brushes; and (3) Plaintiff has improperly joined all of the defendants.

**Improper Venue.**  Plaintiff's entire case is premised upon all of the defendants' being foreign entities.  Plaintiff alleged all defendants to be foreign entities because for patent cases, the patent venue statute (28 U.S.C. 1400(b)) permits domestic entities to be used ***only*** in districts in which they reside or have a regular and established place of business. *TC Heartland LLC v. Kraft Food Brands LLC,* 137 S. Ct. 1514 (2017). Since BirdRock Home resides and has a physical presence in Texas, venue is improper in the Southern District of Florida.  Any modicum of reason by Plaintiff would have shown this.  *See, e.g.,* Ex. A (Plaintiff's TRO evidence, ECF No. 9-2, showing BirdRock Home's Austin address); Ex. D (BirdRock Home website, showing US

locations).  Given the large numbers of defendants that have now been dismissed, it appears that Plaintiff did not investigate the venue of a large number of defendants before it filed suit and moved for *ex parte* temporary relief.

This misconduct alone is strong evidence that this is an exceptional case, that plaintiff has acted unreasonably and vexatiously by suing multiple domestic defendants, and that plaintiffs have knowingly and recklessly been proceeding in bad faith.

**Frivolous Infringement Allegations.**  Plaintiff's Asserted Patent provides a filing date of July 27, 2021.  Ex. B.   The accused BirdRock Home product has been has been on sale and in the public domain since 2017.  Waxman Decl. ¶ 10; Raisbeck Decl. ¶ 10.  Had Plaintiff reviewed the Amazon.com product listing for BirdRock Home's accused snow brush product, *see* Ex. F (page 5: "Date First Available:  October 23, 2017), it would have quickly learned that BirdRock Home's accused product is prior art to the Asserted Patent.  Plaintiff's infringement assertion violates a long-established principle of patent law: "that which infringes if later anticipates if earlier." *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986) (quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)). In more simple terms, Plaintiff cannot in good faith assert patent infringement against an earlier prior art product. So either the asserted claims of Plaintiff's patent are different from the BirdRock Home accused product, i.e., there is no infringement, or the claims of the asserted patent are the same as the BirdRock Home accused product, i.e., the patent is invalid as anticipated, *i.e.,* lacking novelty, under 35 U.S.C. § 102(a)(1). Either way, any reasonable pre-filing investigation would have revealed this fatal flaw in Plaintiff's case. Plaintiff's failure to perform an adequate pre-filing investigation is classic evidence supporting a finding of exceptional case, and of vexatious and bad faith litigation conduct.  *See,*

*e.g., WPEM, LLC v. SOTI Inc.*, 837 Fed. Appx. 773 (Fed. Cir. 2020) (affirming a district court's exceptional case finding, and finding no error in district finding that plaintiff's patent assertion was frivolous, where patent owner accused a prior art system of infringement).

**Misjoinder.**  Section 299 of Title 35, entitled "Joinder of parties," makes clear that it is improper for a patent owner to join multiple defendants in a single action, unless all defendants are accused of infringement by reason of the same accused product or process. Simply suing multiple defendants for infringing the same patent on unrelated accused products—as Plaintiff has done here—is not permitted. Plaintiff's entire case should be dismissed for failure to comply with Section 299.  This is further evidence of bad faith, vexatiousness, and exceptionality.[3]

**B.      BirdRock Home Is Entitled to its Attorney Fees under 35 U.S.C. § 285**

Pursuant 35 U.S.C. § 285, this Court may award reasonable attorneys' fees to the prevailing party in exceptional patent cases. *Shipping and Transit, LLC v. 1A Auto, Inc.,* 283 F. Supp. 3d 1290, 1295 (S.D. Fla. 2017).  A defendant may be considered a prevailing party where a voluntary dismissal is filed by the plaintiff without the consent of the defendant. *Pierce Manufacturing, Inc. v. E-One, Inc.,* 2022 WL 479802 at * 2 (M.D. Fla. Feb. 16, 2022) (citing *Mail Boxes Etc., Inc. v. PBC Servs. Inc.,* 2007 WL 841664 at *4 (E.D. Ark. Mar. 15, 2007)); *Middlewest Motor Freight Bureau v. United States,* 433 F. 2d 212, 243 (8th Cir. 1970); *cert denied* 402 U.S. 999 ("[V]oluntary

---

[3]   In addition to the above, BirdRock Home observes that Plaintiff's law firm previously filed and prosecuted several similar intellectual property lawsuits in this District against a large number of "Schedule A" defendants.  BirdRock Home suspects that these lawsuits—which are not ever decided on the merits—suffer from similar defects and have similarly been filed and prosecuted in bad faith. There is good reason to believe that these sorts of cases can be quite lucrative, including because (i) courts typically issue broad restraining orders—as is the case here—that result in freezing of funds well in excess of the proceeds of the accused products; and (ii) foreign defendants almost always default rather than retain U.S. counsel.  There is also good reason to believe that the Plaintiff and its law firm have agreed to pursue this case on a contingent fee basis, and that such arrangement may have motivated the improper conduct identified herein.

dismissal of an injunction suit by a plaintiff without the consent of the defendant is a determination of the merits of a controversy so as to render the plaintiff and his sureties liable on the injunction bond.").

> As noted by the United States Supreme Court:
>
> An exceptional case is simply out that **stands out from others** with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 545 (2014) (emphasis added). When determining whether a case is exceptional, a district court should consider "the totality of the circumstances." *Id.* (citing *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994)).

BirdRock Home is a prevailing party. On February 5, 2023, BirdRock Home sent a demand letter to Plaintiff, demanding that Plaintiff immediately contact Amazon.com to retract the TRO as applied against BirdRock Home. (Ex. C). BirdRock Home did not request nor consent to a voluntary dismissal. On February 6, 2023, and without ever responding to the February 5, 2023 demand letter or otherwise contacting BirdRock Home, Plaintiff filed a Notice of Voluntary Dismissal as to Plaintiff and several other defendants. (ECF No. 21). Based on the foregoing alone, BirdRock Home is a prevailing party. *See, e.g., Middlewest Motor Freight Bureau,* 433 F. 2d at 243.

In addition, BirdRock Home is also prevailing party because BirdRock Home requested, and the Court ordered, that its TRO be modified to expressly exclude BirdRock Home. *See* ECF Nos. 26, 29. Thus, there should be no argument that BirdRock Home's exit from this case carried sufficient judicial *imprimatur.* BirdRock Home prevailed by having this Court's TRO ended as to it.

11

This case stands out from other patent cases on a number of grounds. As noted in the facts above, Plaintiff's patent infringement claim against BirdRock Home was weak at best, and at worst, a blatant attempt to stifle competition. Indeed, the very TRO evidence submitted by Plaintiff with regard to BirdRock Home indicates that BirdRock Home is a dba of Waxman Sales, LLC, which in turn has an Austin Texas address. *See* Ex. A. In less than five minutes, Plaintiff could have searched the name Waxman Sales, LLC on the Texas comptroller website and confirmed that Waxman Sales, LLC is a registered Texas limited liability company. Thus, Plaintiff counsel's certification to the Court that he made efforts to give notice to BirdRock Home and the reasons why notice should not be required (*see* Fed. R. Civ. P. 65(b)(1)(B)) is utterly false.

Furthermore, readily available information—the Amazon product listing for the accused BirdRock Home product (Ex. F, at 5)—indicates that BirdRock Home was selling its allegedly infringing product *four years prior* to Plaintiff's design patent filing date. Plaintiff's failure to perform any due diligence to locate BirdRock Home, and its failure to notice or even acknowledge facts which render its infringement position frivolous, shows that this is an exceptional case. There was absolutely no basis for Plaintiff's TRO motion. *See, e.g., WPEM, LLC v. SOTI Inc.*, 837 Fed. Appx. 773 (Fed. Cir. 2020) (affirming an exceptional case finding, where plaintiff sued a prior art system); *see also, e.g., Lumen View Tech. LLC v. Findthebest.com, Inc.,* 811 F.3d 479, 483 (Fed. Cir. 2016) (affirming an exceptional case finding, where allegations of infringement were "ill-supported").

Wherefore, BirdRock Home respectfully requests this Court enter an Order granting BirdRock Home its reasonable attorneys' fees under 35 U.S.C. § 285, and any other and further relief deemed just and proper.

**B.      BirdRock Home Is Entitled to its Damages under 28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, this Court may issue sanctions upon a finding that:

> (1) an attorney has engaged in "unreasonable and vexatious" conduct;
> (2) such conduct multiplied the proceedings; and
> (3) the dollar amount of the sanction bears a financial nexus to the excess proceedings such that the sanction does not exceed the costs, expenses, and attorney's fees reasonably incurred because of the sanctionable conduct.

*Garcia v. Nachon Enterprizes, Inc.,* 2017 WL 2605052, at *2 (S.D. Fla. Apr. 24, 2017) (2 (citing *Hudson v. Int'l Computer Negotiations, Inc.,* 499 F. 3d 1252, 1262 (11th Cir. 2007)).

The first element is met if "the attorney's conduct is so egregious that it is tantamount to bad faith." *Id.* at * 2 (quoting *Amlong & Amlong P.A. v. Denny's, Inc.,* 500 F. 3d 1230, 1239 (11th Cir. 2007)). Here, the very exhibits attached to Plaintiff's TRO motion indicated that it had no basis to bring its claim against BirdRock Home. As noted above, a simple search on the Texas comptroller website would have confirmed that BirdRock Home was a legitimate domestic business organized under laws of Texas. This is also shown on the TRO evidence that Plaintiff submitted to the Court. *See* Ex. A.  The fact that Plaintiff failed review its own evidence and/or perform this simple diligence task (or, worst, misled the Court in its findings) is tantamount to bad faith. *Id.* ("Bad faith may be found where an attorney knowingly or recklessly pursues frivolous claims or needlessly obstructs the litigation of non-frivolous claims."); *Olguin v. Florida's Ultimate Heavy Hauling,* 2019 WL 3426539 at ** 2, 19 (S.D. Fla. June 5, 2019) (sanctions under § 1927 warranted where plaintiff failed to perform any due diligence to determine the viability of its claim).

A party multiplies the proceeding if he engages in conduct that results in the lengthening of the proceedings. *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 2008 WL 906739 at *13 (M.D. Fla. Apr. 2, 2008).  Despite intimate knowledge that its claim lacked any

merit, Plaintiff has filed multiple motions in this action against over 300 diverse defendants, including, a motion to seal the proceedings prior to service, thus preventing the defendants from properly defending themselves (ECF No. 4); motion for order authorizing alternate service, thus preventing defendants from learning of the claims brought against them (ECF No. 12); motion for expedited third party discovery without notice to the defendants thus preventing them from challenging the same (ECF No. 13); and motion to extend temporary restraining order against the multiple defendants without notice to challenge the same (ECF No. 17). The multiplicity of motions filed by Plaintiff and failure to give notice of such filing, resulted in BirdRock Home not learning of the frivolous claims brought against it until it became aware of the hold on its funds at Amazon.com. Had Plaintiff simply given notice to BirdRock Home, BirdRock Home could have prevented this action from proceeding past the pleading stage. Instead, BirdRock Home was forced to scramble to determine why it could no longer access funds that were rightfully owed to it.

In addition to multiplying these proceedings with its covert motion practice, it should be noted that Plaintiff has multiplied these proceedings by suing multiple parties—in this case, a staggering number of parties—over 300 different parties.  And given that Plaintiff quickly dismissed over 30 parties after receiving BirdRock Home's demand letter (*see* ECF No. 28), it is reasonable to presume that Plaintiff failed to do any pre-filing due diligence as to these defendants, either.

Moreover, once Plaintiff learned that it had accused BirdRock Home's prior art snow brush of infringement, Plaintiff thereafter knew (or reasonably should have known) that either (1) its Asserted Patent is invalid—in which case, Plaintiff was and still is ethically required to dismiss this case in its entirety; or (2) its Asserted Patent must be construed in an very narrow fashion—in which

case, the vast majority of the remaining defendants cannot infringe, and therefore, Plaintiff must dismiss the vast majority of the remaining defendants from this case.  Plaintiff's continued pursuit of this case, now with express knowledge of its utter lack of merit, is additional evidence of unreasonable and vexatious conduct.

Wherefore, BirdRock Home respectfully requests this Court enter an Order under 28 U.S.C. § 1927, sanctioning Plaintiff and its counsel for its vexatious litigation activities, in the dollar amount of BirdRock Home's reasonable attorneys' fees and its damages as described below, and any other and further relief deemed just and proper.

### C.  BirdRock Home Is Entitled to its Damages under the Court's Inherent Power

Independent of any statutory provision or rule of civil procedure, this Court has the inherit authority to issue sanctions against a party and its counsel should the Court make a finding of bad faith. *Peer v. Lewis,* 606 F. 3d 1306, 1315 (11th Cir. 2010) ("[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power to sanction bad faith conduct in the course of litigation.") (internal quotation  omitted); *see also In re Mroz,* 65 F. 3d 1567, 1575 (11th Cir. 1995) (noting the absence of authority to issue sanctions under specific rules or statutes, "does not displace the court's inherent power to impose sanctions for a parties' bad faith conduct."). As noted by the 11th Circuit:

> A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.

*Barnes v. Dalton,* 158 F. 3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse,* 115 F. 3d 644, 649 (9th Cir. 1997)). Thus, in the event this Court finds it has no authority to issue sanctions under § 1927 or § 285, it may still do so under its inherit authority

should if find Plaintiff has engaged in bad faith behavior. And, as evidenced by the record, Plaintiff did in fact engage in bad faith behavior.

As noted throughout, the facts indicating that there was no basis for Plaintiff's claim against BirdRock Home were obvious. Specifically, the evidence filed by Plaintiff in support of its TRO Motion showed that BirdRock Home is a Texas limited liability.  BirdRock Home therefore cannot properly be sued in this District.  *See* 28 U.S.C. § 1400(b) (patent venue statute).  And Plaintiff had no grounds to process against BirdRock Home *ex parte*.  Public information readily available to Plaintiff—in the form of the Amazon.com product listing for the BirdRock Home accused product—clearly shows that BirdRock Home has been selling the alleged infringing product for at least four years prior to Plaintiff's design patent filing date.  Plaintiff's infringement accusation was therefore frivolous.  Accordingly, the only basis for Plaintiff to file its claim would be to harass BirdRock Home and to stifle competition.

Indeed, BirdRock Home was one of over three hundred defendants sued in this matter. *See* Am. Compl. at Ex. 2. Since filing this action, however, Plaintiff has dismissed *multiple* defendants, including BirdRock Home. *See* ECF Nos. 31, 33, 40. Of these dismissed defendants, none have filed an answer or motion to dismiss.

The dismissal of BirdRock Home from this case has done little to remedy the damage inflicted by the improperly place TRO. BirdRock Home's sales velocity on Amazon.com remains low, meaning that its accused snow brush is no longer one of the top hits when searching for snow brushes on Amazon. It is unclear when, if ever, BirdRock Home will recover from the harm inflicted by the improper TRO.

As indicated by the multiple dismissals and conflicting evidence provided by Plaintiff in support of the TRO motion, it is highly unlikely that Plaintiff will succeed on the merits. Despite this, however, Plaintiff's ultimate goal of stifling competition has already been achieved. This Court, in exercising its inherit power should not allow Plaintiff to succeed in this scheme,  The Court should sanction Plaintiff and Plaintiff's counsel in an amount equal to the reasonable attorneys' fees expended by BirdRock Home in defending against Plaintiff's frivolous claim.

Wherefore, BirdRock Home respectfully requests this Court enter an Order granting BirdRock Home its reasonable attorneys' fees and its damages as described below under the Court's inherent power, and any other and further relief deemed just and proper.

### D.      BirdRock Home Is Entitled to Collect on the Bond

A party is entitled to recover on an injunction bond, if "it was wrongfully enjoined and that its damages were proximately caused by the erroneously issued injunction." *Milan Exp., Inc. v. Avertitt Exp., Inc.,* 254 F. 3d 966, 981 (11th Cir. 2001); *see also State of Alabama ex rel. Siegelman v. U.S. E.P.A.,* 925 F. 2d 385, 390 (11th Cir. 1991) ("[A] prevailing defendant is entitled to damages on the injunction bond unless there is good reason for not requiring the plaintiff to pay.").  Whether to award damages pursuant to an injunction bond is within the sole discretion of the district court. *City of Rivera Beach v. Lozman,* 672 F. Appx. 892, 895 (11th. Cir. 2016). Thus, the district court will only be reversed on a finding of abuse of discretion. *Id.*

Here, BirdRock Home is the prevailing party for the purpose of collecting on the bond, because BirdRock Home was subject to the Court's TRO when plaintiff unilaterally dismissed BirdRock Home from this case. *See* Part B. *supra* (citing *Pierce Manufacturing, Inc.,* 2022 WL 479802 at *2 (quoting *Mail Boxes,* 2007 WL 841664 at *4)). Further, BirdRock Home is a

prevailing party because it prevailed in having the Court's TRO modified to exclude it.

And there should be debate that BirdRock Home had been wrongfully enjoined.  By quickly dismissing BirdRock Home from this case after receiving BirdRock Home's demand letter, Plaintiff essentially admits this.  As noted throughout, Plaintiff had no good faith basis to file its TRO motion against BirdRock Home. Specifically, the very evidence submitted by Plaintiff establishes that (i) BirdRock Home is a not foreign infringing entity and (ii) BirdRock Home was selling the alleged infringing product for at least four years prior to Plaintiff's design patent filing date. As such, the TRO motion lacked merit should have never been issued against BirdRock Home.

Finally, it is abundantly clear that BirdRock Home has incurred damages.  As discussed in following section, BirdRock Home has incurred significant attorney fees as a result of this lawsuit. And as discussed below and detailed in the attached Declaration of Adam Waxman, BirdRock Home has also incurred significant lost profits from the fact that its accused snow brushes were enjoined for a period of time, as well as significant miscellaneous damages incurred by reason of BirdRock Home personnel having to investigate the reason that its funding were being withheld, and plan for the possibility that those funds might be withheld for an extended period of time. *See* Waxman Decl. ¶¶ 19-22 (lost profits); ¶¶ 23-24 (miscellaneous damages).

WHEREFORE, BirdRock Home respectfully requests this Court enter an Order granting BirdRock Home the full amount of the Bond.

## **ATTORNEYS FEES AND DAMAGES INCURRED BY BIRDROCK HOME**

**A.     Attorney Fees**

As shown in the attached invoice supported by the Declaration of attorney Stewart Mesher, BirdRock Home seeks reimbursement for its ***reasonable attorney fees in the amount of***

*$74,923.81*.   Pursuant to Local Rule 7.3(a)(2), BirdRock Home identifies the following orders which give rise to this motion:  (1) the notice of dismissal of BirdRock Home, and subsequent order (ECF No. 26, 27); and (2) the order of this Court modifying its TRO to exclude BirdRock Home (ECF No. 29).

Pursuant to Local Rule 7.3(a)(4), BirdRock Home discloses that it has a fee agreement with K&L Gates, LLP, whereby BirdRock Home is obligated to pay its law firm on an hourly basis.

Pursuant to Local Rule 7.3(a)(5), BirdRock Home provides the following information pertaining to its reasonable attorneys' fees and costs expended in defending against the wrongfully issued TRO.

The following timekeepers worked on this matter:

- Rasheem Johnson, Associate, with approximately 5 years' experience as a practicing attorney[4.]
- Stewart Mesher, Partner, with approximately 26 years' of experience as a practicing attorney[5.]
- Jonathan Morton, Partner, with approximately 31 years' of experience as a practicing attorney[6.]
- Henry Pogorzelski, Partner, with approximately 25 years' of experience as a practicing attorney[7.]
- Aleighse Lucas, paralegal with approximately 8 years of litigation experience.

Detailed information regarding the hourly rate, number of hours expended, and tasks performed by each of the aforementioned timekeepers can be found in the invoice which is attached as Exhibit E, which is authenticated by the Declaration of Stewart Mesher.

---

4 https://www.klgates.com/Rasheem-M-Johnson
5 https://www.klgates.com/Stewart-Mesher
6 https://www.klgates.com/Jonathan-B-Morton
7 https://www.klgates.com/Henry-M-Pogorzelski

**B.      Lost Profits and Miscellaneous Damages**

For the reasons detailed in paragraphs 19-22 of the Waxman Declaration, BirdRock Home estimates that it has ***lost profits of appropriately $99,636 - $ 124,545***.  These damages are the direct result of BirdRock Home being enjoined from selling two of its high-quality, high-volume snow brush items on Amazon.com for 14 days during a prime winter sales season, from approximately January 24, 2023 to February 7, 2023.

For the reasons detailed in paragraphs 23-24 of the Waxman Declaration, BirdRock Home estimates that it incurred ***miscellaneous damages in the additional amount of $21,245***.  These damages are the direct result of various BirdRock Home personnel having to address issues caused by having $785,115.03 of its funds enjoined, including planning for the possibility that the restrained funds might not be available for an extended period of time.

<u>**REQUEST FOR HEARING**</u>

Pursuant to Local Rule 7.1(b)(2), BirdRock Home requests oral argument and a hearing on the subject matter of this motion.  Oral argument would be helpful to the Court because of the number and relative complexity of the factual and legal issues involved, including patent infringement and validity issues.  BirdRock Home estimates the time required for argument to be 60 minutes.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court should grant this motion in its entirety and require Plaintiff and Plaintiff's counsel to reimburse Plaintiff for its above-referenced attorney fees, lost profits and miscellaneous damages.

Date: April 7, 2023

Respectfully submitted,

**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No.: 0956872
jonathan.morton@klgates.com
Rasheem Johnson
Florida Bar No.: 1011350
rasheem.johnson@klgates.com
Henry Pogorzelski, *pro hac vice*
Stewart Mesher, *pro hac vice*

*Attorneys for Waxman Sales LLC*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that, thirty (30) days prior to filing this motion, and in accordance with Local Rule 7.3, a draft of this motion was shared with counsel for Plaintiff, Humberto Rubio, and counsel for Plaintiff's counsel, J. Luis Quintana. I further certify that, on March 21, 2023, and pursuant to Local Rules 7.1 and 7.3, the undersigned had a substantive conversation via telephone with counsel for Plaintiff, Humberto Rubio, and counsel for Plaintiff's counsel, J Luis Quintana, in a good faith effort to resolve these issues but the parties could not come to an agreement.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 7, 2023, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton
