# EXHIBIT C

# K&L GATES

February 5, 2023

Henry Pogorzelski
henry.pogorzelski@klgates.com
T + 1 512 482 6826
C + 1 713 824 3103

## Legal Demands from Waxman Sales LLC dba BIRDROCK Home, incl. _Demand that Plaintiff Retract Preliminary Injunction to Amazon.com_

**By E-mail:** hrubio@rubiolegal.com;
apuentes@rubiolegal.cm;
frubio@rubiolegal.com;
info@rubiolegal.com

Mr. Humberto Rubio, Jr.
Mr. Felipe Rubio, Esq.
Ms. Arabella Puentes
Law Firm of Rubio & Associates, P.A.
8950 SW 74 Ct., Suite 1804
Miami, Florida 33156

Re:  *XYZ Corporation v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:22-cv-24270-DPG (S.D. Fla.)
Demands from Defendant Waxman Sales dba BIRDROCK Home

Dear Counsel:

We are intellectual property legal counsel for Waxman Sales, LLC, which does business on Amazon.com and elsewhere as BIRDROCK Home.  Waxman Sales is a Texas LLC with its home office in Austin, Texas.  See https://www.birdrockhome.com/.  We understand that Waxman Sales has been named in the above-styled case in which your client has asserted a claim of design patent infringement against a number of ostensively *foreign* entities.

Be advised that as a result of the TRO / Preliminary Injunction / Order Restraining Transfer of Asserts (collectively, the "Preliminary Injunction" or "PI") that you sent to Amazon.com, ***Amazon.com is withholding a payment to Waxman Sales of $785,115.03***.  This is causing irreparable harm to Waxman Sales.  As applied against Waxman Sales, your preliminary injunction is invalid and was obtained under false premises.

***Waxman Sales hereby demands that you immediately contact Amazon.com to retract the Preliminary Injunction as applied against Waxman Sales and its BIRDROCK HOME storefront, including a statement that plaintiff's assertion of the Preliminary Injunction was submitted in error.***

As you consider the foregoing demand, please keep in mind the following:

1. <u>Waxman Sales Is Obviously an Established Domestic Company</u>:  Your complaint, your *ex parte* TRO and preliminary relief motions, and indeed all of your filings in this case, are premised upon defendants being aliens who are likely to try to hide assets.  Any modicum of research would have revealed that Waxman Sales dba BIRDROCK Home is an established domestic entity with a substantial presence in the United States.

2. <u>Your Preliminary Injunction Is Void on Its Face</u>:  Rule 65 and supporting caselaw are clear that a court may not issue a preliminary injunction with notice and a hearing.  *See, e.g., Dunbar v. Prelesni*k, 2015 WL 1393376, at * 5 (W.D. Mich. Mar. 25, 2015) ("[T]he Court may not issue an ex parte preliminary injunction."); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130–31 (5th Cir.1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law.").

3. <u>Your Preliminary Injunction Is Causing Extreme and Irreparable Harm</u>:  Waxman Sales sells over 900 different items on Amazon.com, not just the one or two items that your complaint apparently accuses of infringement.  Waxman Sales relies upon substantial periodic payments from Amazon.com in order to (i) pay its vendors; (ii) continue designing and sourcing new products, and (iii) most importantly, make payroll for about 43 citizens of the United States, plus about 13 individuals residing outside of the United States.

4. <u>Waxman Sales Will Succeed in Dissolving the Asset Restraining Portion of Your Preliminary Injunction</u>:  Regardless of the merits of your design patent infringement claim—a claim that we have no way to evaluate[1] due to the *ex parte* nature of your filings—it should go without saying that once Judge Gayles learns that plaintiff has misused the asset restraining order portion of his Preliminary Injunction to seize without notice almost one million dollars from an establish American company, thereby risking the livelihoods of over 40 American families, Judge Gayles will take a very close look at your firm's previous representations to the Court.

5. <u>Waxman Sales Will Succeed in Having This Case Dismissed</u>:  The patent venue statute permits defendants to be sued only in districts in which they reside or have a regular and established place of business.  *TC Heartland LLC v. Kraft Food Brands LLC*, 137 S. Ct. 1514 (2017).  Waxman Sales resides in Texas and has no operations or employees in Florida.  Any patent lawsuit against Waxman Sales should be brought in the Western District of Texas.

---

[1]  We look forward to learning the identity of the design patent that you are asserting.  Be advised that one of the Waxman Sales products that you have apparently accused of infringement has been on sale on Amazon.com since at least as early as October 2017.  If this fact invalidates your client's design patent, then obviously your entire lawsuit will be proven to be completely without merit.

You will see that my firm has now appeared in this case. Please be advised that Waxman Sales intends to defend its interests vigorously, including pursuing your client, and if necessary your law firm, for its damages caused by Amazon.com's withholding of payment.

We hope that you will be mindful of the **_extreme damage_** that your injunction is doing to Waxman Sales, and we expect that **_you will do everything within your power to convince Amazon.com to cease withholding payments to Waxman Sales_**.

**Demand for Pleadings**

Waxman Sales demands that you **_immediately_** forward to my firm via email all *ex parte* pleadings and transcripts for this case.

**Demand for Meet and Confer**

Waxman Sales intends to a file a motion to dismiss for improper venue, followed by an *emergency* motion to dissolve your Preliminary Injunction as to Waxman Sales. Pursuant to Rule 7.1(a)(3) the S.D. Fla. Local Rules, please state your firm's availability **_any time on Monday, February 6, 2023_**, to discuss the foregoing intended motions and the contents of this letter.

**Preservation Obligation**

There is a high likelihood that Waxman Sales will pursue its damages, including attorney fees and possible sanctions. Please be reminded that you (including plaintiff and any third party consultancies giving advice to plaintiff) are required by law to preserve, and to protect from destruction, all documents (including all electronic documents) relating to plaintiff's investigation of Waxman Sales and its products, including its decision to include Waxman Sales in the case.

**Conclusion**:

We look forward to hearing from you as soon as possible. Once Amazon.com is no longer wrongly withholding payments from Waxman Sales, we are happy to discuss any contention that any product of Waxman Sales may violate your client's design patent or other intellectual property rights.

Very truly yours,

K&L Gates LLP

*Henry Pogorzelski*

Henry Pogorzelski
Partner

February 5, 2023                                                                   3

cc: Stewart Mesher, Esq.
 Jonathan Morton, Esq.
 Rasheem Johnson, Esq.

February 5, 2023

4