UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

    Plaintiff,                              CASE NO. 1:22-cv-24270-DPG

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____

**BIRDROCKS' REPLIES IN SUPPORT OF (I) MOTION FOR AWARD OF ATTORNEYS FEES AND DAMAGES; and (II) MOTION TO INCREASE BOND**

Nothing in Plaintiff's overlong responses in opposition to BirdRock's Motions distract from the extraordinary circumstances of this case: Plaintiff, *a Chinese entity,* caused this Court to seize the assets of BirdRock, a *United States* Texas-based entity, based on the false assumption that BirdRock was a Chinese counterfeiter. Plaintiff accomplished this extraordinary task by misrepresenting to this Court that it had "good cause to suspect" that Defendants are all residing and/or operating outside of the United States when in fact, Plaintiff knew or should have known that BirdRock was long-standing Texas-based competitor whose accused product that this Court subjected to a TRO predated Plaintiff's patent by nearly three (3) years. Because the Court, in good faith, believed Plaintiff's incorrect assertions, the Court required no prior notice (and only a nominal $10,000 bond) before seizing BirdRock's monetary assets and ability to sell on Amazon.com, causing great harm to BirdRock's business.

It is now apparent from its responses to the Motions, including Plaintiff's counsel's new declaration—that Plaintiff's representations that BirdRock was a Chinese infringer—was not based upon good cause. Instead, it was based solely on Plaintiff's bias, stereotypes and unfounded assumptions. As a result, the sole question before this Court is who should suffer from the Plaintiff's wrongdoing—the party who committed the wrongdoing (the Plaintiff) or the innocent party (BirdRock). The answer is clearly Plaintiff. This Court clearly has the authority to provide the relief requested in both the Fee and Bond Motion. The Court should reject the various excuses asserted in the Opposition and grant the Fee Motion. The Court should also exercise its discretion in the interests of justice and grant the Bond Motion.

### A. Plaintiff's Due Diligence Was Not Reasonable

In its declaration to this Court in support of its TRO motion, Plaintiff assured this Court that

1

it had "good cause to suspect" that all of the defendants were foreign counterfeiters. However, when called out by BirdRock's motion and declarations showing that BirdRock was easily identifiable as long-standing Texas company with multiple offices in the United States, Plaintiff backtracked and admitted that it had not done any good faith review of the evidence.

The declaration of Denny You that Plaintiff filed in opposition to BirdRock's Fee Motion contains allegations concerning what is "known" about Chinese infringers (*See e.g.* You Aff. in Support of Reply at ¶ 12). However, Plaintiff does not cite to a single statistic, expert opinion, article or any other evidence to support this assumption. For example, Exhibit A to You's declaration contain 5 negative reviews of BirdRock's products that Plaintiff used to justify its supposed "good cause to suspect" that BirdRock was a Chinese Counterfeiter. However, these reviews show (1) plaintiff was selling its supposedly infringing product since at least February 11, 2018 (the dates of review), which is well-before Plaintiff received its patent; (2) BirdRock overall review rating was 90% 5 or 4 star and (3) BirdRock was clearly not a fly-by-night counterfeiter as it had been in business for at least four years before the TRO was entered.

The submitted declaration also shows that Plaintiff knew that BirdRock had a United States address located in Austin, Texas. Yet, *nowhere in the response or attached affidavits does Plaintiff allege that it tried to contact BirdRock at its physical address.* Instead, Plaintiff alleges that BirdRock's address did not fit a "traditional U.S. Address" because it did not have a street or intersection. (Response at pg. 8). This of course only highlights Plaintiff's lack of due diligence. Again, all Plaintiff had to do was use Google Maps to determine the address was a legitimate Texas address. Indeed, if it had done this simple act, all of this could have been avoided.

**B.     BirdRock Is Entitled to Attorney Fees under Section 285 Because It Is a Prevailing Party**

Before BirdRock had even appeared in this case, the Court had entered an TRO restraining the sale of two of its leading snow brush products, and also seizing over $785,000 of its funds. Clearly, this Court's TRO had placed BirdRock in an extremely disadvantaged legal position relative to that of the Plaintiff. After BirdRock was nonconsensually dismissed from this case and the Court entered its Order of February 7, 2023 (ECF No. 29), expressly modifying its TRO so as not to include BirdRock, BirdRock legal position was materially altered in a very significant way, relative to that of the Plaintiff. BirdRock prevailed, in a legal sense, because the Court's injunction no longer applied. BirdRock's Fee Motion, at pages 10-11, relies upon *Mail Boxes Etc., Inc. v. PBC Services Inc.* and *Middlewest Motor Freight Bureau v. U.S.,* on the issue of prevailing party.

Plaintiff asserts that BirdRock is not a prevailing party. Plaintiff relies upon the allegedly "Seminole [*sic*] and dispositive case on the prevailing party inquiry," *O.F. Mossberg & Sons,* a Federal Circuit case that contrary to Plaintiff's representation is not binding on this Court,[1] to support of the proposition that a dismissal without prejudice cannot ever support a finding of prevailing party status. Plaintiff's position lacks merit. First, the facts in *Mossberg* are readily distinguishable because *Mossberg* did not involve an injunction, nor did it involve an explicit order removing a defendant from the purview of an injunction order. Indeed, the granting of BirdRock's Unopposed Motion to Modify TRO (ECF No. 26) necessarily caused a "material alteration of the legal relationship between the parties," which, according to *Mossberg,* is the touchstone for prevailing party status. *Mossberg,* 995 F. 3d at 992.

---

[1] The concept of a "prevailing party" is not unique to patent law. Thus, Plaintiff's view—that this Court is bound to follow Mossberg (as interpreted by Plaintiff)—lacks merit.

Additionally, *Mossberg* explicitly states that "defendants need not prevail on the merits to be classified as a prevailing party." *Id.* at 992. To the extent this Court requires a final order prior to sanctions under Section 285, such issue is mooted by the Final Default Judgment Against Defendants entered by the Court. (ECF Nos. 63-64).

Moreover, and contrary to Plaintiff's assertions, *Mail Boxes Etc., Inc. v. PBC Services Inc.* and *Middlewest Motor Freight Bureau v. U.S.,* are directly on point because both deal with dismissal of enjoined parties. *See also,* § 2972 Practice and Application, 11A Fed. Prac. & Proc. Civ. § 2972 (3d ed.) ("A voluntary dismissal or abandonment of the request for injunctive relief if it comes after a temporary restraining order has been granted or after defendant has filed an answer or counterclaim, has the same effect as a final decision that the parties seeking the injunction were not entitled to it.")

      **C.**      **BirdRock Is Entitled to Attorney Fees under Section 285 Because this Case is Exceptional**

Plaintiff's Opposition argues pages 7 through 10 that there is nothing "exceptional" about this case. A case is exceptional if it "stands out from the others." Courts should consider the totality of the circumstances, and exercise discretion on a case-by-case basis.

In this case, the "exceptional" circumstances are numerous. For example:

1. Plaintiff misrepresented to the Court that BirdRock (and multiple other defendants) was a Chinese counterfeiter without a presence in the United States.

2. Plaintiff used this and other misrepresentations to wrongfully obtain an *ex parte* TRO that not only prevented BirdRock from selling its lawful products, but also restrained over $785,000 in funds, where the vast majority of restrained funds which had nothing to do with the accused product.

3. Plaintiff's counsel did not do its own due diligence, but instead relied upon the work of its client, who in turn allegedly named BirdRock as a defendant based only upon

4

its view that BirdRock fit the profile of a Chinese counterfeiter.

4. Plaintiff asserted its patent in a frivolous manner by suing BirdRock's prior art devices, as the act of suing a prior art product of infringement is textbook frivolous.

5. Plaintiff used its misrepresentations to the Court in justify suing BirdRock in this district, where venue is clearly improper under 28 U.S.C. § 1400(b) (patent venue statute).[2]

6. Plaintiff wrongfully misjoined over 300 diverse defendants in this action, in clear violation of 35 U.S.C. § 299 (Joinder of parties).

7. Plaintiff did not bother to inform the Court that its representations were not accurate. Instead, Plaintiff filed non-consensual dismissals against BirdRock and other domestic entities, with the hope that BirdRock and others would not pursue their cases for attorney fees and damages.

Any one of the above would support a finding of exception case. Collectively, the above circumstances compel a finding of exceptional case.

**D.     BirdRock Is Entitled to Attorney Fees under 28 U.S.C. § 1927**

Plaintiff's Opposition essentially denies all three elements needed for a finding of vexatious litigant. As to unreasonableness, Plaintiff asserts that its conduct was reasonable, noting that merely negligent conduct is not within the scope of sanctionable conduct under Section 1927. But the above list of misconduct goes beyond mere negligence. Plaintiff's reckless pursuit of a TRO under these circumstances, including based on a frivolous patent assertion, is so egregious that it is tantamount to bad faith. The first element is met.

As to vexatiousness, Plaintiff ignores the numerous motions that it filed in order to pursue

---

[2] Plaintiff's Opposition cites no authority for its argument, at the bottom of page 9, that the patent venue statute may be disregarded so long as a defendant "markets, sells and marks it products regularly available to customers in the district." Nor could it, because no such authority exists.

5

this case *ex parte,* and it ignores the fact that Plaintiff multiplied the proceedings by suing over three parties. Plaintiff also ignores the fact that it has continued to pursue its claims against many of the other defendants, even after BirdRock made sure that Plaintiff was aware of all of the defects in its case. Instead, Plaintiff focuses on the narrative that once the damage was done with its wrongful TRO, Plaintiff did not delay in attempting to get the TRO withdrawn from Amazon.com, as to BirdRock. The Court should reject Plaintiff's position. It should not be a defense to vexatious conduct that after the economic damage is done and the injured party's counsel threatens sanctions, the litigant suddenly decides to stop.

### E. The Court Should Invoke Its Inherent Powers to Sanction Plaintiff

This Court may impose sanctions pursuant to its inherent power upon a finding that an attorney knowingly or recklessly raised a frivolous argument. *Barnes v. Dalton,* 158 F. 3d 1212, 1214 (11th. Cir. 1998). As noted in detailed throughout its Fee Motion and reiterated herein, Plaintiff did not conduct even the bare minimum of research to confirm that its assumptions about BirdRock were correct.

The seizure of assets without notice is an extraordinary remedy and such remedy should never be sought without proper due diligence. The fact that Plaintiff caused BirdRock's assets to be seized without proper due diligence is a sign of reckless behavior on the part of Plaintiff and its counsel, and, as such, is grounds for sanctions. *See United States v. Bardell,* 2022 WL 16921698, at * (M.D. Fla. June 6, 2022) (quoting *In re McLean,* 794 F. 3d 1313, 1319 (11 Cir. 2015)) (The inherent power to sanction "should be used sparingly, particularly when an alternate basis for sanctions is available.". *JTR Enters, LLC v. Unknown Quantity,* 2015 WL 3604143, at n. 5 (S.D. Fla. June 5, 2015) ("[T]he inherent power is reserved for situations warranting sanctions but no

6

adequately addressed by rule or statute."). Thus, should the Court find that if it lacks authority under Section 285 or 28 U.S.C. § 1927 to impose sanctions, the Court should still impose sanctions under its inherent power to do so.

Plaintiff's argues that BirdRock's situation does not fit neatly within the parameters of Section 285 nor § 1927. Plaintiff should not be able to hide behind technicalities to avoid liability for its bad faith actions. As noted throughout, the issue to be decided by this Court is who should pay for BirdRock's losses and attorneys' fees: Clearly, it is Plaintiff, whom rushed to have BirdRock's assets seized without any due diligence that should burden the costs.

## F. BirdRock Has Standing.

Plaintiff's argument regarding BirdRock's standing as a dismissed party to pursue attorneys' fees is completely without merit. Indeed, the plain language of Section 285 contemplates dismissal as it requires defendant to be a prevailing party. 35 U.S.C. § 285. *None* of the cases cited by Plaintiff supports its position, especially when the defendant is released from a previously enforced injunction order. Specifically, *Shore v. Greenspoon Marder, P.A.,* did not involve a simple motion for fees, but, rather, a motion to determine the *merits* of the Plaintiff's claim after voluntary dismissal. 2019 WL 5865286, at *3 (M.D. Fla. Oct. 23, 2019). Furthermore, *Shore* cites directly to *Cooter & Gel v. Hartmax Corp.*, in which the Supreme Court *explicitly* held that "district courts may enforce Rule 11 even after plaintiff has filed a notice of dismissal under Rule 41(a)(1)." 496 U.S. 284, 395. With regard to *Barber v. BP, PLC,* Plaintiff's reliance is misplaced as that case did not involve a motion for attorneys' fees after dismissal. 2010 WL 3270229 (S.D. Al. Aug. 16, 2010).

## G. BirdRock has established causation.

BirdRock has established causation for recovery under the Bond. But for Plaintiff's

7

erroneous injunction, BirdRock would not have had to engage legal counsel to have the injunction removed. Contrary to Plaintiff's opposition, which claims that this case only involved a few days in February, the truth is that BirdRock suffered (and continues to suffer) because an injunction was entered against it as to both its funds, and as to two of its leading product lines. And although the injunction against its products lasted fourteen days, the effects are still being felt. *See* Exhibit H (ECF No. 56-8, ¶¶19-22) (Waxman Declaration). This is because once the injunction was lifted and BirdRock's leading product was permitted back onto the Amazon.com platform, sales of this product did not simply revert back to pre-TRO levels. *Id.* Instead, the sales velocity for this product was lost, meaning that the Amazon.com search engine did not promote the product to the extent that it did previously. Thus, the damaging *effects* of the TRO have continued.

Finally, the injunction was issued at a time where multiple snow storms were occurring throughout the country and BirdRock's inability to sell its product during these stores greatly diminished its ability to reap the benefits of this demand. *Id.* at ¶ 22.

### H.    BirdRock's Fee Motion Complies with Local Rules

BirdRock's Fee Motion complies with Local Rule 7.3. The Fee Motion states that BirdRock paid its counsel on an hourly basis, and then submitted a verified invoice showing the hourly rate. The Fee Motion includes a list of each attorney's years of experience with a hyperlink to the detailed biographies of each attorney and a verified invoice showing the hours spent, rates charged and services performed. No case cited by Plaintiff has held that any of these processes do not comply with Local Rule 7.3. To the extent, the Court finds any part of this Fee Motion defective, the proper remedy is to allow BirdRock to refile the Fee Motion because any minor defect in the motion does not justify the denial of the motion with prejudice. *See Sriskada v. Harbor Pita, Inc*., No. 14-20526-

CIV, 2015 WL 4041298, at 1 (S.D. Fla. July 1, 2015) (denying motion for failure to comply with Local Rule 7.3 without prejudice to renew the motion).

### I.     The Attorney Fees Sought by BirdRock Are Not Excessive

Plaintiff complains about the amount that K&L Gates billed, but it is perfectly clear that this amount was required due to Plaintiff's vigorous denials to all of BirdRock's claims. Plaintiff is entitled to defend its positions vigorously, but it cannot then complain about the amount of the attorney's fees spent to defeat its positions. *Mraz v. I.C. Systems, Inc.*, 2021 WL 408614, at *15 (M.D. Fla. Aug. 23, 2021) (holding that "although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.") (quoting *McGowan v. King, Inc.*, 661 F. 2d 48, 51 (5th Cir. 1981)).

In addition, Plaintiff contends that BirdRock is not entitled to attorney's fees spent to litigate entitlement to attorney's fees. However, this Court has already rejected plaintiff's argument and held that "in cases like this one where attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; i.e. 'fees for litigating fees.' " *Wolff,* 545 Fed.Appx. at 796.

The remainder of Plaintiff's opposition consists of minor issues that do not have merit, but three are worth mentioning. Plaintiff accuses BirdRock of double-billing and then cites to the fact that the K&L Gates attorneys worked as a team. As this Court knows, working as a team is not double-billing. The term double billing has a specific definition and refers to the practice of billing

9

two separate clients for the same hour of work.[3] Plaintiff's incorrect use of the term "double billing" is an attempt to raise the specter of an ABA violation where there is none. Plaintiff claims that 8.7 hours was too much time to review a letter of correspondence from Plaintiff's counsel. Plaintiff does not mention that this letter was a nine (9) page single-spaced response that raised numerous arguments and cited to a number cases. Plaintiff also complains that BirdRock's counsel spent 12.8 hours to draft the initial demand letter to Plaintiff, but at that point in time, BirdRock's funds were enjoined, and BirdRock was facing a real threat of insolvency. BirdRock's counsel had not ever seen the Complaint and had to guess about the status of proceedings, while at the same time preparing to file for an emergency motion to try to get its BirdRock's funds released. This was a make-or-break moment for the existence of BirdRock.

J. **The Court Should Increase the Amount of the Bond**

This Court's TRO and PIs clearly state: "In the Court's discretion, the bond may be subject to increase should an application be made in the interests of justice." This provides the Court with all of the authority that is required, notwithstanding the hyper-technical arguments made by Plaintiff in its opposition motion, given that that Plaintiff made numerous misrepresentation to the Court about BirdRock being a shady Chinese counterfeiter.

## CONCLUSION

For the reasons stated above and in BirdRock's Fee and Bond Motion, the Court should grant both motions in their entirety.

---

[3] *See* https://www.americanbar.org/groups/young_lawyers/publications/after-the-bar/professional-life/billing-tips-for-newlawyers/#:~:text=Double%20billing%20is%20simultaneously%20billing,to%20attend%20Client%201's%20deposition.

10

Date: May 5, 2023											Respectfully submitted,

**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No.: 0956872
jonathan.morton@klgates.com
Rasheem Johnson
Florida Bar No.: 1011350
rasheem.johnson@klgates.com
Henry Pogorzelski, *pro hac vice*
Stewart Mesher, *pro hac vice*

*Attorneys for Waxman Sales LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2023, a true and complete copy of the foregoing was electronically filed via CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton