UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A", including WAXMAN
SALES, LLC, a Texas limited liability
company,

    Defendants.

Case No.: 1:22-cv-24270-DPG

**OPPOSED REQUEST FOR EVIDENTIARY HEARING, REGARDING BIRDROCK HOME'S PENDING MOTION FOR AWARD OF ATTORNEYS FEES AND DAMAGES**

Defendant WAXMAN SALES LLC, a Texas limited liability company d/b/a BirdRock Home ("BirdRock"), by and through undersigned counsel, hereby respectfully requests an evidentiary hearing regarding the disputed subject matter of its pending Motion for Award of Attorneys Fees and Damages by Defendant Waxman Sales LLC d/b/a BirdRock Home ("BirdRock's Motion") (ECF No. 56).[1]  An evidentiary hearing is appropriate and would be beneficial because there are a number of factual disputes, and because an evidentiary hearing would allow the Court to better hear evidence and resolve those disputes.

In the context of a motion for fees, courts should generally hold an evidentiary hearing

---

[1] BirdRock's Motion is fully briefed. *See* ECF No. 61 (Plaintiff's Opposition) & ECF No. 69 (BirdRock's Reply).  While BirdRock's Motion does itself contain a request for hearing under Local Rule 7(b)(2), *see* ECF No. 52 at 20, it does not specify that the requested hearing should be an evidentiary hearing.

where a party requests one, where there are disputes of fact, and where the written record is not sufficiently clear to allow the court to resolve the disputes of fact. *See, e.g., Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1093-94 (11th Cir. 2022); *see also Didie v. Howes*, 988 F.2d 1097, 1105 (11th Cir. 1993) (district court abused its discretion in not holding a hearing to determine whether Rule 11 sanctions were appropriate); *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368–69 (Fed. Cir. 2023) (criticizing a movant for exceptional case fee award who indicated that an evidentiary hearing was not necessary).

Here, in response to BirdRock's Motion, Plaintiff's Opposition attempts to raise a number of factual disputes, including the adequacy and reasonableness of Plaintiff's investigation of BirdRock and its accused snow brush product, prior to filing suit and moving for a TRO. *See generally,* ECF No. 61. For example, there are potential factual disputes concerning the due diligence performed by Plaintiff. While BirdRock contends that the declaration of Denny You not only fails to show a reasonable pre-suit investigation, but also demonstrates that Plaintiff should have known that BirdRock was a United States company. To the extent that there is any dispute on those questions, an evidentiary hearing would help this Court to reach a factual conclusion.

BirdRock Home respectfully submits that it would be beneficial to convene an evidentiary hearing so that the Court may hear witness testimony and assess the demeanor of the witnesses, view all of the evidence in proper context, and generate a clear written record.[2]

---

[2] BirdRock envisions that it would likely be helpful to the Court for the parties to submit their proposed findings of fact and conclusions of law, following the conclusion of the evidentiary hearing. *See also Way Int'l v. Church of the Way Int'l*, No. 7:15-CV-370-RDP, 2017 WL 432466, at *10 (N.D. Ala. Feb. 1, 2017) ("The court believes that the record is not sufficiently developed to make a determination as to whether this case is an "exceptional" case warranting an award of fees. An evidentiary hearing will be necessary to evaluate this issue….").

**Conclusion**

For the foregoing reasons, the Court should convene an evidentiary hearing on the subject matter of BirdRock's Motion (ECF No. 56).

**Certificate of Conference**

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for BirdRock Home has conferred with counsel for Plaintiff, and Plaintiff's counsel has not consented to the relief sought herein.

| | |
|---|---|
| Date:  June 23, 2023 | Respectfully submitted, |
| | **K&L GATES LLP**<br>Southeast Financial Center<br>200 South Biscayne Boulevard<br>Suite 3900<br>Miami, FL 33131<br>Telephone: (305) 539-3300<br>Facsimile: (305) 358-7095 |
| | */s/ Jonathan B. Morton*<br>Jonathan B. Morton<br>Florida Bar No.: 0956872<br>Henry Pogorzelski, *pro hac vice*<br>Stewart Mesher, *pro hac vice*<br>**Attorneys for Waxman Sales LLC** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2023, a true and complete copy of the foregoing was electronically filed via CM/ECF system, which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton