UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-CV-24270-DPG

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

    Defendants.

---

### PLAINTIFF'S RESPONSE TO DEFENDANT WAXMAN SALES LLC'S OPPOSED REQUEST FOR EVIDENTIARY HEARING

Plaintiff NINGBO YONGJIA AIDUO AUTO PARTS MANU CO., LTD. (hereinafter referred to as "Plaintiff"), pursuant to the Federal Rules of Civil Procedure and the Local Rules, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant Waxman Sales, LLC d/b/a BirdRock Home's (hereinafter referred to as "Defendant") Request for Evidentiary Hearing Regarding BirdRock Home's Pending Motion for Award of Attorneys Fees and Damages ("Request") (ECF No. 77).  Plaintiff opposes the Request and in support thereof, respectfully submits the following.

As Defendant points out, its motion for attorneys fees and damages ("Motion") is fully briefed and has been ripe for the Court's consideration since May 5, 2023. (ECF No. 77 at 1 n.1). Therefore, Defendant's Request for an evidentiary hearing on that Motion is neither timely nor proper.

1

First and foremost, Defendant was required by the Court's Local Rules to make its request for an evidentiary hearing three months ago – at the time it filed its Motion. The Local Rules state, "A party who desires oral argument or a hearing of any motion shall request it within the motion... The request shall set forth in detail the reasons why a hearing is desired and would be helpful to the Court." (L.R. 7.1(b)(2).) While Defendant did request a hearing, it did not specifically request an evidentiary hearing. *See, e.g., Sunseri v. Macro Cellular Ptnrs,* 412 F.3d 1247, 1250-51 (1st Cir. 2005) (distinguishing between request for oral argument and request for evidentiary hearing and denying the latter because party failed to specifically request it in a timely manner). Defendant neither requested nor offered any detailed reason for the Court to consider live testimonial evidence outside the briefing and accompanying evidence. Therefore, not only was its original request inadequate and insufficient, its current Request is also inadequate but notably untimely. As the First Circuit has repeatedly held, "'we regularly turn a deaf ear to protests that an evidentiary hearing should have been convened but was not, where, as here, the protester did not seasonably request such a hearing in the lower court.'" *Sunseri,* 412 F.3d at 1250 (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1120 (1st Cir. 1989)).

Second, a hearing will not assist the Court in making a determination on the issues before it. The briefing is thorough and is accompanied by affidavits and documentary evidence. The Court should be able to resolve the Motion on the briefing alone. Defendant makes a half-hearted argument that its Request should be granted because "Plaintiff's Opposition attempts to raise a number of factual disputes, including the adequacy and reasonableness of Plaintiff's investigation of BirdRock and its accused snow brush product, prior to filing suit and moving for a TRO." (ECF No. 77 at 2). However, the issue of the adequacy of Plaintiff's investigation was *not* raised for the first time in Plaintiff's opposition brief. Rather, it was mentioned repeatedly in Defendant's

Motion, specifically in its arguments that this is an "exceptional case," that Plaintiff's conduct was vexatious and that Plaintiff acted in bad faith. (*See* ECF No. 56 at 3, 7 n. 2, 9.) Defendant cannot legitimately contend that it failed to timely submit this Request because it was unaware this issue existed until Plaintiff raised it.

Further, Defendant characterizes any "factual disputes" as "potential." (ECF No. 77 at 2.) Defendant's acknowledgement that there may not be any factual disputes further obviates the need for the Court to grant the Request. Plaintiff believes the Court will conclude that the evidence accompanying the Parties' briefing is sufficient to establish that Plaintiff conducted a reasonable investigation prior to filing this action. However, should the Court find difficulty resolving this or any other factual dispute, the Court can always request an evidentiary hearing and/or oral argument to assist it. *See Rocket Real Estate, LLC v. Maestres*, 2016 WL 11504102 at 1 (S.D. Fl. December 23, 2016) (denying motion for evidentiary hearing until court has considered all briefing to determine if hearing is necessary).

Finally, Defendant is using this Request as an opportunity to re-litigate the underlying fees Motion and to continue its efforts to punish Plaintiff for initiating this litigation. This is not a motion that warrants an evidentiary hearing – the primary issues before the Court are matters of law, such as whether Defendant's motion is barred for lack of jurisdiction under Rule 41(a)(1) of the Federal Rules of Civil Procedure; whether Rule 65 of the Federal Rules of Civil Procedure allows for recovery of attorney's fees in these types of injunction proceedings; whether voluntary dismissals under Rule 41(a)(1) constitute an adjudication on the merits; whether Defendant is not a "prevailing party" under the Patent Act; and whether Defendant has met the stringent statutory requirements needed to depict Plaintiff as a vexatious litigant under 28 U.S.C. § 1927. Defendant simply wants another opportunity to argue its points and/or raise new issues that have not been

presented in the briefing. This is yet another example of Defendant filing unnecessary motions, incurring unreasonable amounts of attorneys' fees, and harassing Plaintiff in an effort to retaliate against Plaintiff for filing the instant action. (*See* ECF No. 61 at 15 n. 6. and ECF No. 60 at 1-2).

## CONCLUSION

For the above reasons, Plaintiff submits that Defendant's request for an evidentiary hearing should be denied.

Respectfully submitted on this 7th day of July, 2023.

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served through the CMECF filing system and as further provided for by this Court's Orders on this 7th day of July, 2023.

*/s/ Humberto Rubio*
Humberto Rubio