UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NINGBO YONGJIA AIDUO
AUTO PARTS MANU CO., LTD.,

       Plaintiff,                                        Case No.: 1:22-cv-24270-DPG

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A", including WAXMAN
SALES, LLC, a Texas limited liability
company,

       Defendants.

_____

**BIRDROCK HOME'S REPLY IN SUPPORT OF
REQUEST FOR EVIDENTIARY HEARING**

Defendant WAXMAN SALES LLC, a Texas limited liability company d/b/a BirdRock

Home ("BirdRock"), by and through undersigned counsel, files this reply in support of its request

for an evidentiary hearing regarding the disputed subject matter of its pending Motion for Award

of Attorneys Fees and Damages by Defendant Waxman Sales LLC d/b/a BirdRock Home (ECF

No. 56).

**ARGUMENT**

In its response in opposition to BirdRock's request for evidentiary hearing, Plaintiff first

argues that BirdRock's request is untimely under the Court's Local Rules. The Local Rules of the

Southern District of Florida, however, makes no mention of *evidentiary* hearings, let alone how and

when one must be requested. As such, this argument fails right out of the gate. Indeed, the Local

Rules only require that oral argument and hearings, in *general,* be requested in the operative motion

1

or response thereto. L.R. 7.1(b)(2). And, as conceded by Plaintiff, BirdRock did request a hearing in its motion for fees.

Case law cited by Plaintiff also does not support its timeliness argument. Plaintiff cites to *Sunseri v. Macro Cellular Ptnrs,* 412 F. 3d 1247, 1250-51 (11th Cir. 2005). *Sunseri*, however, is distinguishable because the parties *never requested an evidentiary hearing. Id.* at 1250 ("We have carefully reviewed the record in this case, and neither party ever asked the magistrate judge to hold an evidentiary hearing."). Indeed, the plaintiff in *Sunseri* did not mention the term *evidentiary* hearing until during the hearing on the motion at issue (*id.*) and in doing so did not make an "unequivocal" request for an evidentiary hearing. *Id.* at 1251. Here, BirdRock has filed an unequivocal request for evidentiary hearing and has done so prior to the motion being heard or even set for hearing.  Thus, Plaintiff's reliance on *Sunseri* is misplaced, and BirdRock's request for evidentiary hearing should be granted.

Plaintiff also cites to the First Circuit principle that "[the court will] turn a deaf ear to protests that an evidentiary hearing should have been convened but was not, where [] the protester did not seasonably request such a hearing in the lower court." Similar to *Sunseri*, however, these cases involve matters in which the parties *never* requested an evidentiary hearing in the lower court. *Aoude v. Mobil Oil Corp.,* 892 F. 2d 1115, 1120 (1st. Cir. 1989); *Morales-Feliciano v. Parole Bd. of Com. Of Puerto Rico,* 887 F. 2d 1, 7 (1st Cir. 1989) (rejecting argument that lower court should have held evidentiary hearing where party did not request one) (citing *Common Futures Trading Comm'm v. Premex, Inc.,* 655 F. 2d 779, 782 n. 2 (7th Cir. 1981) (evidentiary hearing not required where defendant failed to demand one)).

Further, none of the cases cited by Plaintiff endorses a hard fast rule for when, or even how, an evidentiary hearing must be requested. At most, they only stand for the proposition that an evidentiary hearing must be requested prior to a ruling from the lower court in order for it to be an

issue on appeal. And, because BirdRock has made its request for evidentiary hearing prior to the motion being heard or set for hearing, its request is timely and should be granted.

Plaintiff's argument regarding when factual disputes were raised by Plaintiff is nothing more than a red herring, as BirdRock has never averred that Plaintiff's factual disputes were first made in its opposition. Rather, BirdRock refers to the factual disputes only to show that an evidentiary hearing is warranted. *See, e.g., Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1093-94 (11th Cir. 2022); *see also Didie v. Howes*, 988 F.2d 1097, 1105 (11th Cir. 1993); *United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368–69 (Fed. Cir. 2023). To the extent Plaintiff's second argument supports its first argument regarding timeliness, it must also fail - neither the local rules nor case law cited by Plaintiff supports that argument.

Plaintiff's argument that the motion for fees only regards issues of law also fails. For example, in order to determine whether sanctions should be imposed, the Court must determine whether Plaintiff brought this action in bad faith. *Barnes v. Dalton,* 158 F. 3d 1212, 1213 (11th Cir. 1998). "In determining whether sanctions should be awarded under the bad faith standard, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'" *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (quoting *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). Thus, it follows that the Court will necessarily make findings of fact regarding Plaintiff's conduct and motive in bringing this action. Accordingly, a ruling on the motion for fees will require findings law *and* fact, and an evidentiary hearing will assist the Court in makings such findings.

Lastly, BirdRock takes issue with Plaintiff's framing of BirdRock's motives. BirdRock reminds Plaintiff that BirdRock was *wrongfully* included in this case by Plaintiff—based on Plaintiff's half-baked assumptions and utter lack of due diligence. Indeed, Plaintiff should have engaged in extraordinary diligence before requesting the extraordinary remedies that it sought.

Clearly, it is Plaintiff's reckless harassment of a legitimate domestic competitor that has brought us to this juncture, not BirdRock's good faith attempt to recoup its fees and lost profits in fighting Plaintiff's frivolous action against it.

## CONCLUSION

For the foregoing reasons, BirdRock respectfully requests that this Court grant its request for an evidentiary hearing on the subject matter of BirdRock's motion for fees (ECF No. 56).

Date:  July 14, 2023

Respectfully submitted,

**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No.: 0956872
Henry Pogorzelski, *pro hac vice*
Stewart Mesher, *pro hac vice*
**Attorneys for Waxman Sales LLC**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2023, a true and complete copy of the foregoing was electronically filed via CM/ECF system, which will send a notice of electronic filing to all Counsel of Record.

*/s/ Jonathan B. Morton*
Jonathan B. Morton